Kevin M. Haas, Esq.  (KH - 5370)
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
(212) 509-9400
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Plaintiff, | |
| v. | |
| | Case No.: |
| OBERLANDER PLANNING TRUST, by and through its trustee, NATHAN OBERLANDER, | |
| Defendant. | |

Plaintiff, American General Life Insurance Company, by and through its attorneys, files this Complaint for Declaratory Judgment against the Oberlander Planning Trust, by and through its trustee, Nathan Oberlander, as follows:

**NATURE OF CASE**

1.  This is a declaratory judgment action brought against the Oberlander Planning Trust seeking a declaration that the policy of life insurance bearing the number U10061355L is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material financial misrepresentations and omissions that Louis Oberlander and the Oberlander Planning Trust made on their life insurance application as well as the lack of insurable interest at the time of the

policy's issuance. This action, seeking rescission of the above described life insurance policy, is brought pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201.

## PARTIES

2. American General Life Insurance Company ("American General") is a Texas insurance company authorized to transact the business of insurance in New Jersey. American General is organized under the laws of Texas and its principal place of business is located at 2929 Allen Parkway, Houston, Texas 77019. American General's high level officers direct, control, and coordinate the corporation's activities from Houston, Texas. As such, American General is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

3. Upon information and belief, the Oberlander Planning Trust (the "Trust" or "Defendant") is a trust organized under the laws of New York, with its situs located in New Jersey. The Trust may be served through its trustee, Nathan Oberlander (the "Trustee"), at his primary residence, 1053 50th Street, Brooklyn, New York 11219. Upon information and belief, Trustee Oberlander is the Trust's sole trustee and is a citizen of New York. As such, the Trust is a citizen of the State of New Jersey, the State of New York, or both, within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. §1332(a)(1) because American General and the Trust are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

5. American General is a corporation organized under the laws of Texas and has its principal place of business in Texas. As such, for diversity purposes, American General is a citizen of the State of Texas.

6. Upon information and belief, the Trust is organized under the laws of New York, the situs of the trust is in New Jersey and the sole Trustee is a resident of New York. As such, for diversity purposes, the Trust is a citizen of the State of New Jersey, the State of New York, or both.

7. As American General and the Trust are citizens of different states, a diversity of citizenship exists.

8. As set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face amount far in excess of $75,000. Additionally, this case involves an adjudication of the disbursement of premiums paid on this policy, also far in excess of $75,000.

9. The Trust is subject to the personal jurisdiction of this Court, as the situs of the Trust is located in New Jersey and the insurance policy that was issued to the Trust is governed by New Jersey law.

10. This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

11. Venue is proper for this action pursuant to 28 U.S.C. §1391, since the situs of the Trust is located in New Jersey and the insurance policy at issue is governed by New Jersey law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of New Jersey.

## FACTUAL BACKGROUND

12.  American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of New Jersey.

13.  On or about January 28, 2008, the Trust, by and through its Trustee, applied in writing (the "Application") to American General seeking the issuance of an insurance policy insuring the life of Louis Oberlander ("Oberlander").

14.  In completing the Application, Oberlander and the Trust provided American General with material information regarding, among other things, Oberlander's net worth and annual income. In completing the Application, Oberlander and the Trust knew that they were required to provide complete, accurate and honest answers to the questions presented on the Application. Oberlander and the Trust also knew that American General would rely upon the answers recorded on the Application in determining whether Oberlander was insurable and qualified for the insurance sought through the Application. The Application was signed by Oberlander and the Trust in New Jersey.

15.  Oberlander and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Oberlander's net worth and annual income. In response to these questions, the Application represented that Oberlander had a net worth of $18,700,000 and annual income of $1,100,000. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to American General's acceptance of the risk assumed.

16.  Additionally, during the application process, Oberlander and the Trust represented that the life insurance was being sought for "estate planning." This statement was false and was material to American General's acceptance of the risk assumed.

17. The Application contained the following affirmation:

> I, the Primary Proposed Insured and Owner signing below, agree that I have read the statements contained in this application and any attachments or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related attachments including supplement(s) and addendum(s); and (2) shall be the basis for any policy and any rider(s) issued. I understand that any misrepresentations contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestability period.

Oberlander and the Trust, through its trustee at the time, executed the Application on or about January 28, 2008.

18. On the basis of the statements and representations on the Application and in reliance upon Oberlander's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, American General issued life insurance policy number U10061355L (the "Policy") to the Trust, with an effective date of April 15, 2008. The Policy's death benefit is $4,500,000. The Policy is governed by New Jersey law.

19. Upon information and belief, contrary to the representations contained on the Application, Oberlander did not have a net worth of $18,700,000 or annual income of $1,100,000 on the date of the Application. Furthermore, American General's own independent investigation did not reveal any basis on which a person could reasonably conclude that Oberlander had a net worth of $18,700,000 or annual income of $1,100,000 on the date of the Application. American General asserts that the statements made during the application process with respect to Oberlander's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

20.     Had Oberlander and the Trust provided accurate responses on the Application regarding these items, American General would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, American General has suffered damages, including but not limited to, commissions American General paid to its sales representatives that it would not have paid, but for the sale.

21.     American General brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## COUNT I: DECLARATORY JUDGMENT
## RESCISSION DUE TO MATERIAL MISREPRESENTATION

22.     American General incorporates herein each of its allegations contained in paragraphs 1–25 above.

23.     Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions that Oberlander and the Trust made on the Application.

24.     American General has been damaged as a result of the foregoing material misrepresentations, in that it has incurred expenses and costs in connection with, among other things, its underwriting and issuance of the Policy, payments of commissions and fees in connection with the issuance of the Policy, administration and servicing of the Policy, investigation of the misrepresentations and concealments detailed above, and commencement of this action to enforce its rights.

25.     In light of the foregoing damages, expenses, and costs incurred by American General, American General should be permitted to retain the premiums paid for the Policy as an offset against such damages and costs and/or disgorgement of Defendant's ill-gotten gains.

Without such retention, offset, and/or disgorgement, restitution of the parties to their pre-contract positions would be impossible.

26.  Notwithstanding the foregoing, American General hereby fully and unconditionally tenders the Policy's premiums to the Court's registry.

27.  American General also seeks its attorneys' fees and costs pursuant to the Federal Declaratory Judgment Statute.

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, American General Life Insurance Company demands judgment against the Oberlander Planning Trust as follows:

(a)  an order declaring and adjudging the Policy of life insurance bearing Policy Number U10061355L to be null and void and rescinded, *ab initio*;

(b)  an order directing that American General deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c)  an order that the Clerk of the Court pay to American General from the premiums deposited an amount equal to: 1) the commissions paid by American General to the agents or sales representatives arising out of or relating to the sale of the Policy; and 2) any damages incurred by American General as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d)  an order awarding American General its costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

(e)  an order awarding such other relief as the Court deems equitable and just to American General.

Dated: April 14, 2010

Respectfully Submitted,

COZEN O'CONNOR

Attorneys for Plaintiff

By: *Kevin M. Haas*
Kevin M. Haas (KH - 5370)

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP

David T. McDowell
Texas Bar No. 00791222
Alana K. Pulaski
Texas Bar No. 24032613
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: david.mcdowell@emhllp.com
E-mail: alana.pulaski@emhllp.com

NEWYORK_DOWNTOWN\2232457\1  099994.000